In my opinion, this case ought not to be reversed on account of the trial court's charge, which was warranted, not only by the decisions of this court, but by the great weight of authority in this country and England. McGinnis v. Kempsey,27 Mich. 363; Rivard v. Rivard, 109 Mich. 98
(63 Am. St. Rep. 566); Henrich v. Saier, 124 Mich. 86;Spencer v. Terry's Estate, 133 Mich. 39; In re Morse's Estate,146 Mich. 463. Wigmore on Evidence, Par. 229, and cases cited.
Whether one is mentally competent to execute a will at a particular time is a question of fact. Such fact is determined by the exercise of the judgment and discretion of the court or jury, based upon all the facts in the case. The probative facts most important are those resulting from the conduct and actions of the testator. Human conduct and actions are found to be natural or unnatural, reasonable or *Page 394 
unreasonable, sensible or absurd, sane or insane, in accordance with prevailing standards. Conduct and actions which are unnatural, unreasonable, and absurd, cause one to conclude the actor is insane — mentally incompetent. A rule which permits consideration of evidence of unnatural, unreasonable, and absurd conduct and actions of the testator, not too remote, involved collaterally, but excludes evidence which arises from the provisions of the will itself, considered in connection with evidence of the testator's heirs, relatives, and associates, is wrong in principle. The judgment should be affirmed.